IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

WATER PIK, INC., a Delaware corporation

    Plaintiff,

v.

MED-SYSTEMS, INC., a Washington corporation,

    Defendant.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Water Pik, Inc. ("Water Pik"), by and through its undersigned attorneys, states its complaint as follows:

### INTRODUCTION

1.    Water Pik is a Fort Collins-based company with a long history of developing and selling innovative and widely recognized, high quality, oral and personal hygiene products. After conducting extensive research, development and marketing over the past two years, Water Pik will begin sales in July of this year of a new sinus irrigation product line under Water Pik's SINUSENSE trademark.

2.    In an attempt to disrupt Water Pik's product launch, Defendant has challenged Water Pik's registration of the SINUSENSE mark, as well as instituted federal court litigation concerning the mark. In light of its impending product launch and Defendant's unambiguous challenges to Water Pik's valid trademark rights, Water Pik seeks a declaratory judgment of non-infringement with respect to its use of its SINUSENSE mark.

## PARTIES, JURISDICTION, AND VENUE

3. Water Pik is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1730 East Prospect Road, Fort Collins, Colorado 80553.

4. Defendant Med-Systems, Inc. is a corporation organized and existing under the laws of the State of Washington, with its principal place of business at P.O. Box 45634, Madison, Wisconsin 53744.

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338. The claims alleged in this Complaint arise under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201-02, and the Lanham Act, 15 U.S.C. § 1051, *et seq.*

6. This Court has personal jurisdiction over the Defendant because Defendant has substantial, continuous, and systematic contacts with this state. Defendant sells products throughout the state at retailer's such as Walgreens, Kroger, CVS, and GNC. Moreover, on information and belief Defendant offers for sale and sells its products on the Internet to residents of this state. Defendant has purposefully availed itself of the privilege of conducting business in this state.

7. Venue is appropriate in this district under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Water Pik's claims occurred here and because Defendant is subject to personal jurisdiction in this state.

## FACTUAL BACKGROUND

8. Since its founding over 40 years ago, Water Pik has been an industry leader in, *inter alia*, the oral hygiene and consumer health care product markets. In 2008, Water Pik began

investigating ways to leverage its expertise and recognition in a new product line involving sinus irrigation devices. Water Pik desired to enter into the sinus irrigation market because it believes that consumers recognize that it makes good, sound sense to treat nasal ailments through sinus irrigation, and that consumers will recognize Water Pik as a supplier of innovative, high quality products.

9. After conducting extensive research, design, development and testing, Water Pik has elected to sell five products in the sinus irrigation market. These products include a powered water pulsator, a squeeze bottle, a neti bottle, a neti pot, and packets containing dry ingredients for saline solution, all of which are used for sinus irrigation. This product line, known as SinuSense™, is anticipated to go on sale in the United States beginning in July, 2010.

10. Water Pik has been and is currently advertising its line of SinuSense™ products on its webpage, www.sinusense.com. Water Pik has also developed unique product packaging and trade dress for its SinuSense™ products, which, along with the products themselves, Water Pik has previewed for retailers who have expressed strong interest in carrying the SinuSense™ product line in their stores. Copies of product packaging for Water Pik's SinuSense™ Water Pulsator, SinuSense™ Squeeze Bottle, SinuSense™ Neti Pot, SinuSense™ Neti Bottle and SinuSense™ Saline packets are appended hereto at **Exhibit 1**.

11. As part of its brand development, on May 28, 2009, Water Pik filed an application to register the SINUSENSE mark with the United States Patent and Trademark Office ("PTO"), Application Serial No. 77/746,724, based on its intent to use the mark in connection with the sale of its new sinus irrigation product line, including "saline solution for sinus and nasal irrigation,"

"nasal irrigation vessels," "nasal irrigators for medical use and structural parts thereof," and "neti pots."

12. In its approval of the SINUSENSE mark for publication, the PTO did not cite Defendant's marks as potentially confusing or otherwise suggest any issue with any of Defendant's SINUCLEANSE marks. Put differently, the PTO did not assert that Water Pik's SINUSENSE mark was confusingly similar to Defendant's SINUCLEANSE marks. Accordingly, the SINUSENSE mark was published in the *Trademark Official Gazette* on October 13, 2009. A copy of the PTO's publication is attached hereto at **Exhibit 2**.

13. Defendant markets and sells a line of sinus irrigation products under the SINUCLEANSE mark. Pictures of Defendant's product packaging for its Sinu*Cleanse*® Neti Pot and Sinu*Cleanse*® Squeeze Bottle are attached hereto at **Exhibit 3**. Beginning in at least 2008, Defendant embarked on a private labeling campaign for its sinus irrigation products. Under these private label arrangements, retailers such as Walgreens and CVS were (and are) permitted to sell Defendant's sinus rinse products under their own brand at a substantially discounted price. Additionally, Defendant apparently also permits retailers such as Walgreens to make explicit references on product packaging that customers compare the Walgreens sinus rinse product to Defendant's Sinu*Cleanse*® product. Pictures of the Walgreens and CVS private label sinus rinse products are attached hereto at **Exhibit 4**. Not surprisingly, reported sales of Defendant's Sinu*Cleanse*® products have decreased in the time since it began its private labeling campaign.

14. In an improper effort to curb further sales erosion and loss of market share, Defendant has attempted to prevent and disrupt Water Pik's SinuSense™ product launch by

challenging the validity of Water Pik's SINUSENSE mark. On December 10, 2009, Defendant filed an opposition in the Trademark Trial and Appeals Board ("TTAB") to the registration of Water Pik's mark based on Defendant's ownership of the mark "SINUCLEANSE," and variations thereof. *See* TTAB Opposition No. 91192964 ("Opposition").

15. In its Opposition, Defendant has alleged that, if registered, Water Pik's use of the SINUSENSE mark would be "likely to cause widespread confusion with the earlier and competing uses of a family of SINUCLEANSE marks owned by Med-Systems, Inc. of Madison, Wisconsin." Defendant further alleged that Water Pik's use of the SINUSENSE mark "will cause damages to [Defendant], resulting in loss of revenue for [Defendant] and damaging its reputation and goodwill."

16. Additionally, on March 8, 2010, Defendant filed a lawsuit against Water Pik in the United States District Court for the Western District of Wisconsin, Civil Action Number 10-cv-00116 ("Lawsuit"). In the Lawsuit, Defendant made extensive allegations of trademark infringement against Water Pik based on its use of the SINUSENSE mark. Specifically, Defendant asserted claims for relief including trademark infringement, trade dress infringement, federal unfair competition, trademark dilution, and state trademark infringement and unfair competition. Defendant voluntarily dismissed that action *without prejudice* and without serving Water Pik.

17. The timing and actions taken by Defendant with its Opposition and Lawsuit all point to the inescapable conclusion that Defendant improperly seeks to disrupt and prevent Water Pik from lawfully using its SINUSENSE mark in connection with Water Pik's impending product launch. Indeed, this is not the first time that Defendant has unsuccessfully sought,

through TTAB oppositions and the like, to prevent a competitor from exercising valid trademark rights in connection with sinus irrigation products. *See, e.g., Med-Systems, Inc. v. NeilMed Products, Inc.*, TTAB Opposition Nos. 78449153 and 91168470.

20. Water Pik incorporates the foregoing paragraphs as if fully set forth herein.


18. Water Pik vigorously denies Defendant's meritless allegations. Water Pik's SINUSENSE mark is valid and should be registered. Neither Water Pik's SINUSENSE mark nor its use, advertising and product packaging infringes any valid trademark, trade dress or other legal right of Defendant, and Water Pik's activities and conduct do not constitute unfair competition.

19. There is a real, concrete and justiciable controversy existing between Water Pik and Defendant concerning Water Pik's lawful advertising, promotion and offer for sale of sinus irrigation products bearing the SINUSENSE mark.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Declaratory Judgment Of No Trademark Infringement)**

20. Water Pik incorporates the foregoing paragraphs as if fully set forth herein.

21. Defendant has engaged in conduct that gives rise to a reasonable apprehension on the part of Water Pik that it will face suit for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, if Water Pik continues its activities with respect to its SINUSENSE mark.

22. Water Pik seeks a declaratory judgment that its SINUSENSE mark is not likely to cause confusion with Defendant's marks.

23. Water Pik seeks a declaratory judgment that its SINUSENSE mark does not infringe Defendant's marks.

24. Water Pik seeks a declaratory judgment that Defendant will suffer no damages or loss of goodwill as a result of Water Pik's use of its SINUSENSE mark.

25. Water Pik seeks a declaratory judgment that Defendant is not entitled to any injunctive relief or damages under 15 U.S.C. § 1117.

26. An actual, concrete and justiciable controversy exists concerning Water Pik's lawful use of its SINUSENSE mark.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment Of No Trade Dress Infringement)

27. Water Pik incorporates the foregoing paragraphs as if fully set forth herein.

28. Defendant has engaged in conduct that gives rise to a reasonable apprehension on the part of Water Pik that it will face suit for trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), if Water Pik continues its activities with respect to its SINUSENSE trade dress.

29. Water Pik seeks a declaratory judgment that its trade dress is not likely to cause confusion with Defendant's alleged trade dress.

30. Water Pik seeks a declaratory judgment that its trade dress does not infringe Defendant's alleged trade dress.

31. Water Pik seeks a declaratory judgment that Defendant will suffer no damages or loss of goodwill as a result of Water Pik's use of its trade dress.

32. Water Pik seeks a declaratory judgment that Defendant is not entitled to any injunctive relief or damages under 15 U.S.C. § 1117.

33. An actual, concrete and justiciable controversy exists concerning Water Pik's lawful use of its trade dress.

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment Of No Federal Unfair Competition)

34. Water Pik incorporates the foregoing paragraphs as if fully set forth herein.

35. Defendant has engaged in conduct that gives rise to a reasonable apprehension on the part of Water Pik that it will face suit for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), if Water Pik continues its activities with respect to its SINUSENSE trademark or trade dress.

36. Water Pik seeks a declaratory judgment that its activities with respect to its SINUSENSE trademark or trade dress do not constitute unfair competition or infringement of Defendant's alleged rights under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Water Pik seeks a declaratory judgment that Defendant will suffer no damages or loss of goodwill as a result of Water Pik's use of its SINUSENSE trademark or trade dress.

38. Water Pik seeks a declaratory judgment that Defendant is not entitled to any injunctive relief or damages under 15 U.S.C. § 1117.

39. An actual, concrete and justiciable controversy exists concerning Water Pik's lawful use of its SINUSENSE mark and trade dress.

### FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment Of No Trademark Dilution)

40. Water Pik incorporates the foregoing paragraphs as if fully set forth herein.

41. Defendant has engaged in conduct that gives rise to a reasonable apprehension on the part of Water Pik that it will face suit for trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c), if Water Pik continues its activities with respect to its SINUSENSE trademark.

42. Water Pik seeks a declaratory judgment that Defendant's SINUCLEANSE mark is not famous.

43. Water Pik seeks a declaratory judgment that its activities with respect to its SINUSENSE mark do not dilute any alleged distinctive quality of Defendant's SINUCLEANSE mark.

44. Water Pik seeks a declaratory judgment that Defendant is not entitled to any injunctive relief or damages under 15 U.S.C. § 1117.

45. An actual, concrete and justiciable controversy exists concerning Water Pik's lawful use of its SINUSENSE mark.

## FIFTH CLAIM FOR RELIEF
**(Declaratory Judgment of Water Pik's Right to Register and Use the SINUSENSE Mark)**

47. Water Pik incorporates the foregoing paragraphs as if fully set forth herein.

48. Water Pik is entitled to a declaration that it may register and use the SINUSENSE mark in connection with saline solutions for sinus and nasal irrigation and nasal irrigation devices and vessels, and that Defendant is not entitled to enjoin or prevent such use or registration.

49. An actual, concrete and justiciable controversy exists concerning Water Pik's registration and lawful use of its SINUSENSE mark in the advertising, promotion and sale of saline solutions for sinus and nasal irrigation and nasal irrigation devices and vessels.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Water Pik, Inc. prays that the Court enter judgment in its favor:

1. Declaring that Water Pik's conduct, including its promotion, advertising, sale and offer for sale of products under its SINUSENSE mark does not constitute trademark infringement under the Lanham Act § 32, 15 U.S.C. § 1114;

2. Declaring that Water Pik's conduct, including its promotion, advertising, sale and offer for sale of products under its SINUSENSE mark, does not constitute trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

3. Declaring that Water Pik's conduct, including its promotion, advertising, sale and offer for sale of products under its SINUSENSE mark or trade dress does not constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

4. Declaring that Water Pik's conduct, including its promotion, advertising, sale and offer for sale of products under its SINUSENSE mark does not constitute trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c);

5. Declaring that Defendant is not entitled to any injunctive relief with respect to Water Pik's use of its SINUSENSE mark or trade dress;

6. Declaring that Defendant has not suffered any harm and is not entitled to damages or other relief under 15 U.S.C. § 1117;

7. Declaring that Water Pik is entitled to use and register its SINUSENSE mark, and that Defendant is not entitled to enjoin or prevent such use or registration;

8. Awarding Water Pik its costs, expenses and attorneys' fees under 15 U.S.C. § 1117; and

9.       Awarding Water Pik any other relief that the Court deems just and proper.

## JURY DEMAND

Water Pik requests a trial by jury on all issues so triable.

Respectfully submitted this 26th day of May, 2010.

           s/ Lee F. Johnston
           Lee F. Johnston
           Scott P. Sinor
           DORSEY & WHITNEY LLP
           370 17th Street, Suite 4700
           Denver, CO  80202-5647
           Telephone: 303.629.3400
           Facsimile:  303.629.3450
           Email: johnston.lee@dorsey.com
           Email: sinor.scott@dorsey.com

           **ATTORNEYS FOR PLAINTIFF**
           **WATER PIK, INC.**

Address of Plaintiff
1730 East Prospect Road
Fort Collins, Colorado 80553