IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-01221-PAB-CBS

WATER PIK, INC., a Delaware corporation

    Plaintiff,

v.

MED-SYSTEMS, INC., a Washington corporation,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Water Pik, Inc. and Med-Systems, Inc. (collectively "the Parties"), by and through their undersigned counsel, hereby stipulate and agree that the following Protective Order shall govern the discovery in the case currently pending between the parties. The Parties further request that the Court enter this Stipulated Protective Order as follows:

IT IS HEREBY AGREED AND ORDERED:

   1. <u>Definitions</u>: For purposes of this Protective Order the following capitalized terms shall have the meanings indicated:

      a. "Counsel" shall mean the outside law firms who are counsel of record for the respective parties in this matter including their staff and independent contractors, and in-house counsel for the corporate parties herein, and such legal, clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel for the sole purpose of assisting in the litigation. Additionally, for purposes of this Protective Order, "Counsel" shall include the chief financial officer of Water Pik, Inc. and the chief executive officer of Med-Systems, Inc.

b. "Outside Counsel" shall mean the outside law firms who are counsel of record for the respective parties in this matter including their staff and independent contractors, and such legal, paralegal and secretarial staff employed or retained by Outside Counsel for the sole purpose of assisting in the litigation. "Outside Counsel" specifically excludes, without limitation, in-house counsel for the corporate parties herein, such legal, clerical, paralegal and secretarial staff employed or retained by in-house counsel, the chief financial officer of Water Pik, Inc., and the chief executive officer of Med-Systems, Inc..

c. "Documents" shall mean tangible records and things produced in any form in this matter including, without limitation, printed matter, electronic media or physical things.

d. "Requesting Party" shall mean the party to this lawsuit seeking disclosure of information in response to written discovery, requests for admission, deposition questions or otherwise.

e. "Producing Party" shall mean the party from whom disclosure of information is sought in response to written discovery, requests for admission, deposition questions or otherwise.

f. "Proprietary Information" shall mean trade secret or other proprietary or confidential Documents or other information including but not limited to, business, accounting, sales, marketing, tax, and employment records, business plans, marketing data and information, training procedures, design drawings in any medium, patent or

trademark applications, licenses, agreements, and contracts, trade data and research and development documents, customer identity and lists, and computer software programs in source code or object code. Proprietary Information shall be of two types:

(1) "Confidential" information shall mean Proprietary Information the disclosure of which shall be restricted to the Requesting Party's Counsel, and its specially retained non-employee Experts and Non-testifying Experts, as defined in Section 5(b) below. Confidential information shall not be disclosed to any third-party, except as expressly provided herein.

(2) "Confidential – Counsel's Eyes Only" shall mean Proprietary Information the disclosure of which shall be restricted to Outside Counsel for the Requesting Party and specially retained non-employee Experts and Non-testifying Experts. "Confidential – Counsel's Eyes Only" information shall not be disclosed by that Outside Counsel to the Requesting Party or to any other person, except as expressly provided herein. The designation "Confidential – Counsel's Eyes Only" shall be reserved for information which may not be disclosed to the Requesting Party in this litigation because of its status as a competitor and shall be reserved for information relating to prices, business plans and forecasts, marketing/advertising strategies, customer orders, customer sales quotations, sales volumes, company personnel files, highly sensitive corporate documents, highly sensitive documents regarding corporate and/or customer relationships, existing and future product designs, source code, customer lists or identities, profits, losses or other similar information of the most confidential nature.

2. Designations:

a. <u>Documents and Responses to Written Discovery</u>: Each interrogatory answer or portion thereof, each answer to requests for admission or portions thereof, and each page of a Document produced in this matter or portions thereof, which is deemed by a Producing Party to disclose Proprietary Information of that party, shall be so identified by that party with the name of the classifying party, e.g. "Plaintiff" or "Defendant," followed by the appropriate classification as defined in paragraph 1(e)(1) or (2) above. The identity of the classifying party need not be provided if it is indicated as part of the production number (e.g. plaintiff's document "P00001") contained on the document. Unless otherwise agreed between the parties or otherwise permitted under this Order, the identification and designation of Proprietary Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the Document is provided to the Requesting Party. The Producing Party shall be responsible for labeling Documents containing Proprietary Information in accordance with the appropriate classification as defined in paragraph 1(e)(1) or (2) above.

b. <u>Document Inspections</u>: The parties recognize that in some instances it may not be possible to identify or designate specific Documents containing Proprietary Information prior to inspection due to the volume of Documents and/or the legitimate desire of a party not to mark its original records. In such circumstances, only Outside Counsel for the Requesting Party shall be permitted to perform any initial review of the Documents. No Documents of the party producing Documents shall be removed from

the site of the inspection or copied until such producing party has had an opportunity to review and designate such Documents in the manner previously explained. Any Documents which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned by the receiving party, and the Requesting Party shall also destroy any copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information.

    c. <u>Depositions</u>: To the extent possible, the Parties will attempt to designate deposition transcripts as containing Proprietary Information during the deposition. Notwithstanding the foregoing, deposition transcripts shall be treated initially as Proprietary Information designated as "Confidential – Counsel's Eyes Only" in their entirety until fifteen days after receipt of the final transcript unless the parties expressly agree otherwise. In the event a party other than the Producing Party wishes to have a company representative attend the deposition, that company representative shall withdraw from the deposition when requested to do so by the other party asserting the confidentiality of the deposition testimony and exhibits. Within fifteen days after receipt of the final transcript, any party may designate portions of a deposition transcript as Proprietary Information and designate the appropriate level of confidentiality. The designation shall be accomplished by a letter to all other parties and the court reporter listing the pages, lines and exhibits constituting Proprietary Information and the category of confidentiality. If portions of the transcript or exhibits were designated as Proprietary Information during the deposition, such designation remains in force and need not be reasserted under this paragraph. After fifteen (15) days, only those portions of any

transcript which are separately designated as Proprietary Information (whether during the deposition or after the receipt of the transcript) shall be deemed entitled to protection as Proprietary Information as so designated. If a party designates all or a portion of a transcript as Proprietary Information, all other parties shall mark the designated portions of the transcript with the designated level of confidentiality. Documents designated as Proprietary Information pursuant to this Protective Order shall retain their Proprietary Information status even though marked as a deposition exhibit, and such status need not be reasserted under this paragraph.

  d. <u>Inadvertent Failure to Designate</u>: If, through inadvertence, a producing party provides any material containing Proprietary Information without designating the material as such, whether by document production or deposition testimony, the producing party may subsequently inform the receiving party in writing of the Proprietary Information status of the material and designate the appropriate level of confidentiality. The receiving party shall thereafter treat the disclosed material as Proprietary Information, in accordance with the written notification of the inadvertent disclosure. The receiving party shall take reasonable steps to advise persons to whom disclosure was made prior to receipt of a Proprietary Information designation of such designation and of this Order, but shall not otherwise be required to retrieve or take any action to protect the confidentiality of information or copies of documents disclosed prior to the receipt of the Proprietary Information designation. Any Documents which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned by the receiving party, and the receiving party shall also destroy

any copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information.

  e.  All designations made pursuant to this Order are subject to the provisions of F.R.C.P. 26(g).

3. <u>Restrictions on Use</u>:  Any Proprietary Information produced during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the Requesting Party or its Counsel for any business, commercial, competitive or publicity purposes, including for the prosecution of any U.S. or foreign patent or trademark application.  A Requesting Party or its Counsel shall not use any Documents designated Confidential or any Proprietary Information contained in the Confidential Documents for purposes of obtaining media attention or exposure or publicizing this litigation.  All obligations and duties arising under this Order shall survive the termination of this action.  This Court retains jurisdiction over the parties to resolve any dispute regarding the improper use of information disclosed under this Order.

4. <u>Court Ordered Disclosure:</u>  Nothing herein shall prevent disclosure beyond the terms of this Order if the Court, after notice to all affected parties, orders such disclosure.

5. <u>Obligations of Counsel</u>:  It shall be the responsibility of Counsel for the respective parties herein to ensure strict compliance with the provisions of this Protective Order in their dealings with Proprietary Information, and it shall be the responsibility of Counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine Proprietary Information as provided herein.  All persons responsible for determining that discovery responses, Documents and depositions contain Proprietary Information shall be familiar with this Order and the scope of its protection.

All Proprietary Information including any and all copies thereof shall be kept by Counsel in an appropriately safe place, given its status. Proprietary Information may be disclosed to third persons only to the extent necessary for conducting this litigation, only when such disclosure is preceded by a copy of this Order, and only as follows:

    a. <u>The Court:</u>  The Court, persons employed by the Court, jury personnel, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

    b. <u>Experts</u>:  Proprietary Information may be disclosed to testifying or non-testifying experts who are not employees of the Parties and are utilized for purposes of this litigation only after each such consultant has read this Order and consented in writing to be bound by the provisions thereof as indicated by execution of the Acknowledgment attached hereto as Exhibit A.

    c. <u>Non-Parties</u>:  With the exception of witnesses who either authored or previously received Proprietary Information, such information may be disclosed to other persons not authorized by this Protective Order only with the mutual agreement in writing between Counsel in advance of any disclosure to such person and only upon execution of the Acknowledgment attached hereto as Exhibit A.

    d. <u>Deposition Witnesses:</u>  Proprietary Information may be disclosed to deposition witnesses during a deposition, while being questioned by outside counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, to the extent relevant to information reasonably believed to be within their knowledge, and provided that such witness signs an Acknowledgement in the form attached as Exhibit A and thereby agrees

to be bound by the terms of this Order. No Acknowledgment is required if the witness being questioned is a present or past employee or consultant of the Producing Party;

      e. <u>Authors or Recipients:</u> Proprietary Information may be disclosed to an author or prior recipient of the Proprietary Information to be disclosed, summarized, described, characterized or otherwise communicated or made available, but only to the extent necessary to assist counsel in the prosecution or defense of this action;

      f. <u>Insurance Representatives:</u> Proprietary Information may be disclosed to the claims counsel or representative of any insurer of any party to this action, provided that such disclosure is made only in connection with a claim for a defense or indemnity arising from this action and provided that such person sign an Acknowledgement in the form attached as Exhibit A and thereby agree to be bound by the terms of this Order;

      g. Proprietary Information may be disclosed to outside photocopying, imaging, data base, graphics or design services retained by outside counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action and to outside stenographers and videographers employed by outside counsel in connection with depositions and other like proceedings;

      h. The Proprietary Information of the Producing Party may be disclosed to any in-house personnel of that Producing Party in connection with this Action, who are working on or have supervisory responsibility for this matter.

6. Entering into, agreeing to, and/or producing or receiving Proprietary Information or otherwise complying with the terms of this Order shall not:

      a. operate as an admission by any party that any particular Proprietary Information produced by another party or non-party contains or reflects trade secrets,

proprietary or commercially sensitive information or any type of proprietary or confidential information;

    b. operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Proprietary Information;

    c. prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

    d. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

    e. prejudice in any way the rights of a party to seek determination by the Court whether any Proprietary Information should or should not be subject to the terms of this Order; or

    f. prevent the parties of this Order from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided herein with respect to any particular Proprietary Information.

    7. <u>Pleadings</u>: Documents or materials designated as "Confidential" in accordance with the terms of this Protective Order, whether discussed in briefs or otherwise, shall be filed pursuant to D.C.COLO.LCivR 7.2. The Court shall not permit access to the contents of the envelope to anyone other than Outside Counsel without prior written order of this Court.

    8. <u>Conclusion of the Litigation</u>: Within sixty (60) days after entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for

review) finally disposing of all issues raised in this litigation, Counsel and all other persons having possession or control of another party's Proprietary Information thereof shall provide copies of all executed Exhibit A documents to the extent not already provided and shall: (a) return all Proprietary Information and any copies thereof to the appropriate Counsel who produced the Proprietary Information; or (b) destroy such Proprietary Information and all copies to the extent it contains or is contained in any notes, summaries, digests, synopses or other document added by Counsel or any other person after production. Each party shall give written notice of such destruction to all Counsel. Notwithstanding the foregoing, Counsel may retain court papers, deposition and trial transcripts and exhibits, and attorney work product (including court papers, transcripts, and attorney work product that contains Confidential Information), provided that such counsel, and employees of such counsel, shall not disclose any Proprietary Information contained in such court papers, transcripts, exhibits, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party.

  9. <u>Contested Designations</u>: A party shall not be obligated to challenge the propriety of designating any Proprietary Information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the supplying party of any information as Proprietary Information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court at any time up to 60 days prior to the summary judgment deadline (and not thereafter), but the party seeking to

limit disclosure of information shall bear the burden of proof that it should be protected as Proprietary Information. The parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order. This Order shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information is or is not, in fact Proprietary Information. While Proprietary Information shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue nothing shall be regarded by the Court as Proprietary Information protected hereunder if it is demonstrated that such information either:

    a. is in the public domain at the time of disclosure as a composite item of information (e.g., customer telephone number also with composite identification as a customer of the disclosing party, etc.);

    b. becomes part of the public domain with no breach of any obligations to or for the benefit of the Producing Party;

    c. is received by the Requesting Party lawfully at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party; or

    d. is information the Requesting Party can show by previously-existing written evidence was lawfully in its possession prior to the time of disclosure.

    10. <u>Non-waiver</u>: The production of Documents by a party under the terms of this Order and in response to a request by the Requesting Party shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy or admissibility of said Document. Nothing contained herein shall preclude any party from

opposing any discovery on any legitimate basis.

      11. <u>Trial Procedures</u>:  The parties agree to jointly request that the Court implement appropriate procedures to protect Proprietary Information which may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

      12. <u>Modification</u>:  Stipulations may be made, between Counsel for the respective parties, as to the application of this Order to specific situations (e.g., documents which are so voluminous that it would be overly burdensome to mark each page thereof individually) provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.  Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

      13. <u>Interim Effect</u>:  This Protective Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of this Court.  For purpose of proceeding with discovery without delay, pending the Court's approval of this Order, any Proprietary Information produced under the terms of this Order shall be protected by the parties pursuant to these terms.

DATED at Denver, Colorado, this 30th day of August, 2010.

                                               BY THE COURT:

                                               <u>*s/Craig B. Shaffer*</u>
                                               Craig B. Shaffer
                                               United States Magistrate Judge

Agreed to this 25th day of August, 2010:

| | |
|---|---|
| s/ *Scott P. Sinor* | s/ *Lisel M. Ferguson* |
| Lee F. Johnston | Lisel M. Ferguson |
| Scott P. Sinor | PROCOPIO, CORY, HARGREAVES & SAVITCH, LLP |
| DORSEY & WHITNEY LLP | 530 B Street, Suite 2100 |
| 370 17th Street, Suite 4700 | San Diego, CA 92101 |
| Denver, CO 80202-5647 | Telephone: (619) 515-3207 |
| Telephone: (303) 629-3400 | Email: lisel.ferguson@procopio.com |
| Email: johnston.lee@dorsey.com | |
| Email: sinor.scott@dorsey.com | **Attorneys for Defendant Med-Systems, Inc.** |
| | |
| **Attorneys for Plaintiff Water Pik, Inc.** | |

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-01221-PAB-CBS

WATER PIK, INC., a Delaware corporation

    Plaintiff,

v.

MED-SYSTEMS, INC., a Washington corporation,

    Defendant.

**ACKNOWLEDGMENT**

    The undersigned acknowledges that he or she has read the Stipulated Protective Order in the above-captioned case and agrees to be bound by its terms and that he or she consents to the jurisdiction of the United States District Court for the District of Colorado in all matters concerning the Stipulated Protective Order and this Acknowledgment.

_____
(Signature)

_____
(Printed Name)

_____
(Date)

4827-2926-05503