IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01221-PAB-CBS

WATER PIK, INC., a Delaware corporation,

    Plaintiff,

v.

MED-SYSTEMS, INC., a Washington corporation,

    Defendant.

---

**ORDER DENYING MOTION TO DISMISS**

---

This matter is before the Court on defendant's motion to stay or, in the alternative, to dismiss [Docket No. 7]. The Court referred that portion of the motion seeking a stay to Magistrate Judge Craig B. Shaffer. On August 9, 2010, Magistrate Judge Shaffer denied defendant's motion to stay. Only the motion to dismiss remains pending before this Court. In this trademark infringement case, plaintiff asserts claims pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201-02, and the Lanham Act, 15 U.S.C. 1501, *et seq.* The Court therefore has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338.

**I. BACKGROUND**[1]

Plaintiff is a leader in the oral hygiene market. In 2008, plaintiff decided to enter the sinus irrigation market. Plaintiff developed a product line called "SinuSense," which included a water pulsator, squeeze bottle, neti pot (a gravity-fed nasal cleansing

---

[1] The following facts are drawn from plaintiff's complaint [Docket No. 1].

device), a neti bottle (a redesigned neti pot with a squeeze-bottle grip), and dry packets of saline solution for sinus irrigation. Defendant is another player in the sinus irrigation market and sells a line of products under a "SinuCleanse" trademark, including a squeeze bottle and neti pot.

Plaintiff intended to launch the SinuSense product line in July 2010. On May 28, 2009, plaintiff filed an application with the United States Patent and Trademark Office ("PTO") to register the SinuSense mark. The PTO approved the application and published the SinuSense mark on October 13, 2009. The PTO did not assert that plaintiff's SinuSense mark was confusingly similar to defendant's SinuCleanse mark. Nonetheless, on December 10, 2009, defendant filed an opposition in the Trademark Trial and Appeals Board ("TTAB") to the registration of plaintiff's mark, arguing that the SinuSense mark would cause confusion with its SinuCleanse mark.

On March 8, 2010, defendant also filed suit against plaintiff in the United States District Court for the Western District of Wisconsin. Defendant alleged federal claims for trademark infringement, trade dress infringement, unfair competition, and trademark dilution, as well as state claims for trademark infringement and unfair competition. Defendant, however, dismissed that action without prejudice before serving its complaint on plaintiff.

Believing that defendant was improperly disrupting plaintiff's intended product launch, plaintiff filed the instant declaratory judgment suit on May 26, 2010. Plaintiff asserts five claims that seek declaratory judgments of: (1) no trademark infringement; (2) no trade dress infringement; (3) no federal unfair competition; (4) no trademark dilution; and (5) plaintiff's right to register and use the SinuSense mark.

## II.  STANDARD OF REVIEW

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction . . ., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The Act creates two separate requirements that parties seeking a declaratory judgment must meet.  *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008).  First, there must be an "actual controversy" at issue.  *Surefoot LC*, 531 F.3d at 1240 (noting that the "actual controversy" requirement is tied to the case-or-controversy requirement of Article III of the United States Constitution).

In determining if an "actual controversy" exists, the Supreme Court noted that its previous decisions require

> that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks and alteration marks omitted).  Stated otherwise, "[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune*, 549 U.S. at 127.

Once a district court satisfies itself that an "actual controversy" exists, the court then turns to the second requirement under the Declaratory Judgment Act. This step embraces the permissive language of the Act – that a district court "*may* declare the rights and other legal relations." 28 U.S.C. § 2201(a) (emphasis added). A district court must consider several case-specific factors when deciding whether to exercise its authority to issue a declaratory judgment. *Surefoot*, 531 F.3d at 1240. These factors, referred to as the "*Mhoon* factors," include:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*'; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id.* at 1248 (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)). These various "equitable, prudential, and policy arguments" weigh on the court's discretionary decision to either entertain or dismiss a declaratory judgment claim. *MedImmune*, 549 U.S. at 136.

### III. DISCUSSION

Defendant does not dispute the existence of a case or controversy present between it and plaintiff. Defendant opposed the registration of plaintiff's mark in the TTAB, arguing that plaintiff's mark will cause widespread confusion with defendant's mark and thereby damage defendant. Defendant also filed suit against plaintiff in United States District Court for the Western District of Wisconsin and, although it has since dismissed that suit, it did so without prejudice to its refiling. Based on these

actions, the Court finds that the facts alleged by plaintiff show a substantial controversy between the parties that may warrant the issuance of a declaratory judgment. *See MedImmune*, 549 U.S. at 127. Thus, this action meets the first requirement of the Declaratory Judgment Act. *See Surefoot LC*, 531 F.3d at 1240.

Defendant argues that the existence of a controversy aside, the Court should not exercise its discretion and assume jurisdiction over this case because the matter is pending before the TTAB. The TTAB has suspended its proceedings and now awaits the outcome of this case. *See* Docket No. 9-1. Defendant maintains that dismissal is appropriate here because the TTAB will resume its proceedings upon dismissal of this case and the TTAB remains the preferable forum for this dispute's resolution.

Looking to the *Mhoon* factors, the Court finds that it is appropriate to exercise its discretion to hear plaintiff's declaratory claims. *See Mhoon*, 31 F.3d at 983. First, a declaratory judgment will settle the controversy between the parties, as plaintiff seeks a declaratory judgment establishing both its right to use the SinuSense mark and declaring that it has not committed trademark infringement, trade dress infringement, trademark dilution, or engaged in unfair competition. Importantly, this action will settle the controversy between the parties more fully than the pending TTAB action. Although the TTAB has considerable expertise in these issues, its "function is to determine whether there is a right to secure or maintain a registration" and it cannot consider other claims. *See Person's Co v. Christman*, 900 F.2d 1565, 1571 (Fed. Cir. 1990). Plaintiff's claims present issues outside the TTAB's jurisdiction, including trademark infringement and unfair competition. *See* Docket No. 9-1 at 4 (citing *Person's Co.*, 900

F.2d at 1570-71 (TTAB cannot adjudicate unfair competition claims); *Paramount Pictures Corp. v. White*, 31 USPQ2d 1768, 1771 n.5 (TTAB 1994) (TTAB has no jurisdiction over trademark infringement claims)).  Moreover, because the TTAB's findings are advisory to the Court while the Court's decision is binding on the agency, even the Court's resolution of the registration issue benefits judicial efficiency.  Either party could resort to federal district court should it lose before the TTAB.  *See* 15 U.S.C. § 1071(b).  For the same reasons, the second *Mhoon* factor weighs in favor of the Court's jurisdiction as this action will serve the useful purpose of clarifying all the legal relations at issue.

Defendant argues that the third *Mhoon* factor weighs in favor of dismissal because plaintiff has filed this action only to wrest jurisdiction from the TTAB, where this matter properly belongs.  In *Floyd's 99 Holdings, LLC v. Woodrum*, No. 08-cv-01321-MSK-BNB, 2009 WL 798804 (D. Colo. Mar. 24, 2009), the court reasoned that, where a plaintiff seeks declarations "effectively identical to the issues that the TTAB will consider in determining whether to cancel" the plaintiff's marks, plaintiff is usually only trying to "short-circuit" the administrative tribunal by filing in federal court.  *See id.* at *6 (citing *Surefoot*, 531 F.3d at 1247).  This action is distinguishable from *Floyd's 99* in two important ways that weigh against the Court finding that plaintiff is only seeking to short-circuit the TTAB proceeding.  First, plaintiff presents claims related to issues outside the jurisdiction of the TTAB.  Second, plaintiff's actions do not reflect that its purpose was merely to short-circuit the administrative tribunal.  In *Floyd's 99*, the plaintiff filed in federal court a month after defendant filed a petition with the TTAB to cancel its mark

despite knowing about defendant's potentially conflicting mark for years.  Here, plaintiff filed this case after defendant had initiated another federal district court action and then dismissed the case without prejudice.  Plaintiff's declaratory judgment claims directly mirror defendant's claims in that case.  Defendant's assertion that it has "no intention of pursuing a civil court action . . . pending resolution of the opposition proceeding before the TTAB" is understandably of little comfort to plaintiff, particularly as the TTAB proceedings will not resolve the entirety of plaintiff's claims.  *See* Docket No. 10-1 at 3.  Therefore, the Court finds that plaintiff has not filed this action merely to preempt the administrative proceedings.

The final *Mhoon* factors address the potential of the declaratory action increasing friction between the federal and state courts and whether there is a more effective alternative remedy.  The Court finds that neither of these factors weighs against the exercise of jurisdiction here.  First, this case does not implicate state interests.  Second, adjudicating the dispute here is more effective since no other forum is capable of considering all of plaintiff's claims.  *See Mhoon*, 31 F.3d at 983.  Therefore, the Court will exercise its discretion to hear the declaratory claims asserted by plaintiff in this case.

## IV.  CONCLUSION

Based on the foregoing, it is

**ORDERED** that defendant's Motion to Stay or in the Alternative Dismiss [Docket No. 7] is **DENIED**.

DATED March 8, 2011.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge