IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01221-PAB-CBS

WATER PIK, INC., a Delaware corporation,

    Plaintiff,

v.

MED-SYSTEMS, INC., a Washington corporation,

    Defendant.

## ORDER

    This matter is before the Court on the Motion in Limine to Admit the Testimony of its Federal Rule of Evidence 1006 Summary Witness at Trial [Docket No. 161] filed by Med-Systems, Inc. ("Med-Systems"). Med-Systems requests a ruling on the admissibility of testimony from Dr. Robert Trout summarizing Med-Systems' and Water Pik, Inc.'s actual sales, costs, and expenses for Sinu*Cleanse*® and SinuSense™.

    The Court has original jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338.

## I. BACKGROUND

    Water Pik specializes in providing high quality oral hygiene and consumer health products. Docket No. 117 at 3. In 2008, Water Pik sought to expand its business into the sinus irrigation market. *Id.* After performing background research, Water Pik developed a line of products that it markets under SinuSense™. *Id.* In 2009, Water Pik sought to register its SinuSense™ mark with the Patent and Trademark Office ("PTO").

*Id.* The PTO approved Water Pik's application and published the SinuSense™ mark. *Id.* In December 2009, Med-Systems, a competitor in the sinus irrigation market, filed an opposition to the registration of SinuSense™ before the Trademark Trial and Appeals Board ("TTAB"). *Id.* Med-Systems argued that the SinuSense™ mark would cause confusion among customers because it was similar to Med-Systems' Sinu*Cleanse*®.

As a result of Med-Systems' challenge, Water Pik filed this declaratory judgment suit on May 26, 2010. Water Pik seeks a declaratory judgment finding that SinuSense™: (1) does not infringe the Sinu*Cleanse*® trademark; (2) does not infringe Sinu*Cleanse*®'s trade dress; (3) does not violate the federal unfair competition; and (4) does not dilute the Sinu*Cleanse*® trademark. Docket No. 117 at 4. Additionally, Water Pik seeks a declaratory judgment finding that Water Pik has the right to register and use the SinuSense™ mark. *Id.* In response, Med-Systems alleged counterclaims against Water Pik for: (1) trademark infringement under the Lanham Act, 15 U.S.C. § 1114; (2) trade dress infringement; (3) unfair competition; and (4) trademark dilution. *Id.* at 7.

On May 24, 2011, in the Final Pretrial Order [Docket No. 117], Med-Systems advised the Court that it would present Michael R. Bandemer as its expert witness on damages. Docket No. 117 at 15. According to Med-Systems, Mr. Bandemer would testify about the methodology used to determine damages for disgorgement pursuant to 15 U.S.C. § 1117(a)(3). *See* Docket No. 181 at 5. On September 27, 2011, Magistrate Judge Craig B. Shaffer struck Mr. Bandemer's testimony because Med-Systems failed to comply with Fed. R. Civ. P. 26 and the Court's February 9, 2011 Order. Docket No. 158 at 1. Med-Systems now discloses Dr. Trout as a summary witness pursuant to

Rule 1006 of the Federal Rules of Evidence. Fed. R. Evid. 1006. Dr. Trout was not disclosed as an expert witness pursuant to Fed. R. Civ. P. 26, nor was he disclosed in the Final Pretrial Order [Docket No. 117].

## II. ARGUMENTS

Med-Systems states that, because Dr. Trout will only provide a summary of voluminous records, it is not necessary to disclose Dr. Trout as an expert witness. Docket No. 181 at 5. According to Med-Systems, Dr. Trout will rely on his extensive expertise in financial analysis to provide an evaluation of financial statements as well as a description of methods and calculations utilized to provide a summary of the sales, costs, and expenses for both the Sinu*Cleanse*® and SinuSense™ product lines. Docket No. 161 at 2-5. Med-Systems contends that this testimony is admissible because the underlying records are business records under Fed. R. Evid. 803(6). Docket No. 161 at 3-4. Further, Med-Systems claims that this testimony provides an interpretation of accounting methods which are not within the realm of the average layperson's knowledge. Docket No. 181 at 8.

Water Pik opposes the admission of Dr. Trout's proposed testimony. Water Pik argues that Med-Systems' motion in limine is a thinly veiled attempt to circumvent the exclusion of Mr. Bandemer's testimony. Docket No. 169 at 10. Water Pik claims that Dr. Trout should not be allowed to testify because he was never disclosed as an expert witness as required under Rule 26 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a). *Id.* Additionally, Water Pik contends that Med-Systems has not met the burden of proving that the underlying records are admissible or that the financial records are voluminous enough to require summary testimony pursuant to Fed. R. Evid. 1006. *Id.*

at 8-9.  Finally, Water Pik maintains that Dr. Trout's testimony is expert testimony under Rule 702 of the Federal Rules of Evidence because it is based on scientific, technical or other specialized knowledge.  Fed. R. Evid. 702; *James River Ins. Co. v. Rapid Funding, LLC,* 658 F.3d 1207, 1214 (10th Cir. 2011).

### III. ANALYSIS

It is undisputed that Dr. Trout was not disclosed as an expert witness and that he has not submitted an expert report.  Thus, Dr. Trout's testimony, if admissible, must qualify as lay opinion testimony under Rule 701 of the Federal Rules of Evidence.  Fed. R. Evid. 701(c).  Consequently, if any of Dr. Trout's testimony falls within the purview of Rule 702 of the Federal Rules of Evidence, then such testimony must be excluded.

### A.  Rule 701 and *James River*

Rule 701 states as follows:

> If a witness is not testifying as an expert, testimony in the form of opinion is limited to one that is: (a) rationally based on the perception of the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

In *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207 (10th Cir. 2011), the Tenth Circuit held that any testimony provided by a witness, regardless of the witness' designation, is expert testimony if the testimony is "based on technical or specialized knowledge."  *Id.* at 1214.  In *James River*, the Court found that the proffered testimony was expert testimony because: 1) the opinions and the judgments required professional experience beyond the scope of lay opinion; (2) the witness had previous professional experience and was therefore better situated to explain complex analysis

when compared to others without professional experience; (3) the testimony relied on the extensive analysis and conclusions of a 1,525-page report compiled by an outside expert; and (4) the Federal Rules of Evidence generally consider the type of testimony at issue (landowner valuation testimony) to be expert opinion. *Id.* at 1214-15.

In this case, Med-Systems argues that Dr. Trout's testimony will be based on "his extensive financial analysis expertise" and that he will "describe the methods of analysis and calculations utilized and the results he obtained." Docket No. 161 at 5. Further, Med-Systems alleges that Dr. Trout's testimony is necessary because the "meaning of these various categories . . . depending on the accounting method employed, are not within the realm of the average layperson's knowledge." Docket No. 181 at 8.

Given the description of Dr. Trout's proffered testimony, the Court concludes that Dr. Trout's testimony is inadmissible under Rule 701. First, as Med-Systems acknowledges, the subject matter of Dr. Trout's testimony is clearly "scientific, technical, or other specialized knowledge," Fed. R. Evid. 701(c), that is not understandable by an ordinary person. Moreover, Dr. Trout's testimony does not explain simple mathematical equations that anyone with a grade-school education could understand, *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114 (10th Cir. 2005); rather, it includes "accounting method[s] . . . not within the realm of the average layperson's knowledge." Docket No. 181 at 8. Finally, such testimony falls within the scope of Rule 702 because, as Med-Systems states, it will necessarily entail opinions and inferences derived from Dr. Trout's "extensive financial analysis expertise." Docket No. 161 at 5. Therefore, because Dr. Trout was not endorsed as an expert, this testimony is excluded. Since Dr. Trout's testimony is excluded, the Court need not reach Water Pik's argument that Med-

Systems has failed to provide evidence showing that the underlying financial records are admissible or that the financial statements are voluminous.

### B.   Amending the Pretrial Order

Med-Systems argues that the failure to disclose Dr. Trout in the final pretrial order should not, by itself, preclude his testimony from the case.  Docket No. 181 at 6. Med-Systems asserts that both parties anticipated additional witnesses could be identified between the final pretrial order and the date of trial, and that it is within the Court's discretion to modify the final pretrial order as necessary to "prevent manifest injustice."  Fed. R. Civ. P. 16(e).

In response, Water Pik argues that the Court should deny an amendment to the final pretrial order because Dr. Trout's disclosure is untimely and in violation of Rule 26. Docket No. 169 at 9.  Moreover, Water Pik asserts that Med-Systems' motion is a thinly veiled attempt to circumvent the sanction imposed by Magistrate Judge Shaffer.  *Id.* at 10.  Additionally, Water Pik contends that, given the close of discovery, it is unfairly prejudicial to allow Dr. Trout's testimony because Water Pik has already begun preparation for trial.  Docket No. 168-69 at 10.

Because Dr. Trout's testimony qualifies as expert testimony, before the Court may consider whether to amend the final pretrial order, Med-Systems must show that it met the disclosure requirements set forth in Rule 26(a) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 26(a).  Under Rule 26(a), a party seeking to call an expert witness must provide the opposing party with a written report, prepared and signed by the expert, that outlines the opinions; the facts and data considered; the expert witness' qualifications; and the compensation to be paid to the expert witness for his work and

testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). Rule 26 thus "imposes a . . . duty to disclose information regarding expert testimony sufficiently in advance of trial so that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26(a)(2), Adv. Comm. Note (1993).

As a general rule, when a party fails to comply with Rule 26(a)'s disclosure requirements, that party "is not allowed to introduce the expert witness's testimony. . . at a trial." *Ciomber v. Coop. Plus, Inc.,* 527 F.3d 635, 641 (7th Cir. 2008) (quoting Fed. R. Civ. P. 37(c)(1)); *see also Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 894-95 (10th Cir. 2006). Nevertheless, Federal Rule of Civil Procedure 37(c) permits courts to admit expert testimony, despite a party's failure to comply with Rule 26(a), as long as the violation is "justified or harmless." Fed. R. Civ. P. 37(c)(1). In determining whether the failure to comply with Rule 26(a) is justified or harmless, courts weigh four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1176 (10th Cir. 2011) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)). Applying these factors to the case, the Court finds that Med-Systems has failed to show that its Rule 26(a) violation was justified or harmless.

### 1. *Surprise or Prejudice*

Allowing Dr. Trout's testimony on damages in this case would unfairly prejudice Water Pik. Med-Systems' motion in limine was filed on October 21, 2011, which was

approximately three months before the beginning of trial. Before that time, Med-Systems had not disclosed Dr. Trout in any of the court documents; thus, his late endorsement was a complete surprise to Water Pik. In addition, discovery had closed, the final pretrial conference had already occurred, and the parties had begun preparations for trial. Furthermore, Water Pik had focused its trial preparation on rebutting Mr. Bandemer's expert opinion. *See* Docket No. 169. Allowing Med-Systems to endorse an expert witness at this time in the litigation will force Water Pik, to incur last minute expenses to depose Dr. Trout and file a supplemental rebuttal report challenging Med-Systems' new theory of damages. Such additional burden on Water Pik at this juncture in the litigation is clearly prejudicial. *Guidance Endodontics, LLC v. Dentsply Int'l., Inc.*, 2009 WL 3672502 (D.N.M. Sept. 29, 2009) (finding that preparing for rebuttal witnesses is prejudicial to the nonmoving party if it has little time to prepare for the witness). Therefore, given the close of discovery, the February 6, 2012 trial date, and the additional expenses Water Pik would have to incur, the Court finds that allowing Dr. Trout's testimony on damages would unfairly prejudice Water Pik. *Scholl v. Pateder*, No. 09-cv-02959-PAB-KLM, 2011 WL 3684779, *4 (D. Colo. Aug. 22, 2011) (finding prejudice when the only way to cure deficiency was by reopening discovery).

### 2. Ability to Cure Prejudice

The Court finds that Med-Systems will be unlikely to cure any prejudice. Throughout this litigation, Med-Systems has been afforded several opportunities to secure admissible expert testimony. Med-Systems was permitted to file an untimely expert report by February 16, 2011 [Docket No. 48]; Med-Systems filed a supplemental report to the untimely report on April 7, 2011 [Docket 130-2]; and, despite

acknowledging that the supplemental report contained deficiencies, Med-Systems endorsed this report in the final pretrial order on May 24, 2011 [Docket No. 117]. This evidence shows that, despite Med-Systems' awareness of a potential problem with the proposed expert opinion, it waited over four months prior to filing the current motion. *See* Docket No. 159 at 33. The Court agrees with Magistrate Judge Shaffer's statement that there is no "evidence [in the record] that Mr. Bandemer or counsel for Med-Systems worked diligently to amass the factual data necessary for an analysis on a timely basis." Docket No. 159 at 35. Therefore, the Court finds that Med-Systems has not shown it is capable of curing any of the defects leading to prejudice in this case.

### 3. *Disruption of Trial*

The extent to which Dr. Trout's opinion will disrupt the trial also weighs in favor of disallowing the testimony. Since May 24, 2011, Water Pik has prepared its case based on the final pretrial order. It has provided rebuttal experts, filed a summary judgment motion, and successfully moved to strike Mr. Bandemer's expert opinion. Given that Dr. Trout's proposed testimony is in many respects similar to that of Dr. Bandemer, allowing Dr. Trout's testimony would undermine Water Pik's previous litigation strategy, disrupt its prepared defenses, and allow Med-Systems to circumvent Magistrate Judge Shaffer's sanction. The Court finds that this factor weighs in favor of not allowing the testimony.

### 4. *Bad Faith or Willfulness*

Med-Systems has had three chances to comply with discovery rules. Nevertheless, while Med-Systems' conduct can be characterized as sloppy, sloppiness

does not necessarily equate bad faith or willfulness.  See *Scholl*, 2011 WL 3684779 at *5 (noting that a party's sloppiness does not equate bad faith or show willful conduct).

In summary, after weighing the four factors set forth in *ClearOne*, the Court finds that Med-Systems has failed to show that its failure to comply with Rule 26(a) was "justified or harmless" and finds that allowing Dr. Trout's testimony will unfairly prejudice Water Pik.  *ClearOne*, 653 F.3d at 1176.  Consequently, the Court will not allow an amendment to the final pretrial order.

## IV. CONCLUSION

Accordingly, it is

**ORDERED** that Med-Systems' Motion in Limine to Admit the Testimony of its Federal Rule of Evidence 1006 Summary Witness at Trial [Docket No. 161] is **DENIED**. Dr. Trout may not testify as a summary witness pursuant to Fed. R. Evid. 1006.

DATED January 5, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge